[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Introduction to infidelity has taken on a new form in modern American society — email. What once was relegated to such mundane circumstances as chance meetings at the office water cooler, furtive glances over the backyard fence at the neighbor's spouse, or encounters at high school reunions, now has the addition of chat rooms on the CT Page 9625 Internet to entice a wayward spouse. Add the pervasive availability of pornography, a little alcohol, and the impact on self esteem from the loss of employment by a middle-aged man, and there develops a lethal combination for a long term marriage. So it is with Dorothy and Ralph Greco. Now the spoils must be divided.
The parties were married on April 11, 1964, a total of 37 years and, oddly enough, still reside together. By complaint dated August 4, 2000, the Wife instituted this action claiming a divorce, a fair division of property and debts, and other relief. The Husband appeared through counsel, did not file an answer or cross-complaint, but was fully heard without objection on all issues over two days of trial. Two children were born to the parties, both now adults, who were not part of the dispute between their parents.
The Wife is 59 years old, well educated with a bachelor's degree from the University of Connecticut, and in fair health. She had polio as a child and was left with a deformed foot, witnessed by the court, which does impact on her ability to stand for long period, walk long distances, or perform many manual labors. Despite her affliction, she also wears a brace, tires easily, is in frequent pain, and has developed back problems, she worked throughout the marriage except for brief periods of time. For the last 13 years she has been steadily employed as a physical therapist at Rehabilitation Associates in Fairfield, Connecticut with an annual salary of $60,000.00.
The Husband is 61 years old, well educated with a bachelor's degree from Fairfield University, acquired during the marriage, and in fair health. He suffers from some back and leg problems, carpel tunnel syndrome, and recently hives. In the early years of the marriage he was employed at various jobs for short periods of time. He then decided he wanted to be in the stock brokerage business, took a required six month course, and thereafter became employed by various brokerage houses, the last being Paine Webber from 1990 to 1997 when he retired. It is fair to say he was successful, earning in excess of $100,000.00 per year, until the recession in the early 1990's. At that time, the brokerage industry changed, he lost his institutional client base, was unable to generate sufficient private accounts, and ultimately was forced to retire — he has not worked since. Paine Webber gave him a small severance package, with restrictions on employment in the brokerage business, that expires this September. During the trial, he testified he has no plans to seek employment, considers himself retired, and will commence receiving social security this fall when he turns 62. No income capacity is assigned to him at this time but it is clear to the court that he is intelligent, capable, and most likely will obtain some type of employment if he is to remain economically viable. Once the dissolution of marriage is behind CT Page 9626 him, he may very well be back in the job market. At that time, any periodic orders entered herein should be subject to review.
Neither party had any assets which they brought to the marriage. However, both parties testified that the Wife inherited real estate in Orange, Connecticut which she still owns jointly with her siblings. The Husband claims to have inherited $210,000.00 in 1991 but, other than his testimony, no evidence was introduced regarding same.
There were no liabilities to speak of. Total assets of the parties the court finds to be as follows:
ASSET FMV
Residence (equity) 282,000.00
Dominican Republic Time Share 6,000.00
99 Mercury 10,500.00
97 Ford 11,125.00
90 Ford 1,200.00
Furnishings 15,000.00
Jewelry 18,000.00
Webster Bank Checking (Wife) 3,500.00
Paine Webber RMA (Wife) 108,491.00
Paine WebberMoney Fund (Wife) 14,326.50
Paine Webber RMA (Husband) 14,601.84
Paine Webber MA (Husband) 168,671.34
IRA (Husband) 24,821.89
Annuity (Husband) 62,734.18
P/W IRA (Wife) 113,254.91
 Rehabilitation Associates 219,726.98 401k (Wife) CT Page 9627
Orange, Connecticut Warehouse 98,342.80
TOTAL ASSETS 1172296.44
While it would serve no useful purpose to chronicle the causes for the breakdown, which both parties concede is irretrievable, it is interesting to note they continue to sleep together. The Wife claimed the marriage broke down because of the Husband's repeated infidelities which she forgave on several occasions but has now had enough. His latest paramour, on whom many thousands of dollars were spent, he met in a chat room on the Internet. She also claimed his early retirement at age 57, consuming interest in a variety of pornography, and constant use of the computer contributed to the marital problems. The Husband claimed the Wife's repeated abuse of alcohol, lack of communication, dictatorial personality, unwillingness to go on beach vacations, and, ultimately, the 1998 death of a close personal friend led him to the conclusion he did not want to be married any longer.
While there are two sides to every marriage breakdown, and perceptions always vary, it would appear the Wife's claims are more credible.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
ALIMONY
The Husband shall pay to the Wife alimony of one dollar per year which sum shall not be subject to modification until such time as his income from all sources exceeds $60,000.00 per year.
MEDICAL INSURANCE
The Wife shall cooperate with the Husband in any application he might make to be reinstated on her medical insurance policy, including COBRA benefits, with the Husband solely responsible for any cost involved. CT Page 9628
REAL ESTATE
The Husband shall immediately quit-claim to the Wife his interest in the marital residence located at 125 Longfellow Road, Shelton. The Wife shall sign a promissory note to the Husband in the amount of $100,000.00, secured by a mortgage on said premises, which note shall not bear interest and shall be due and payable upon the happening of the first of the following events: the Wife's death, remarriage, or cohabitation as defined in our statute, sale of the premises, or the Wife's removal from the premises as her place of residence. The Husband is ordered to vacate the property within 60 days from date. The Wife shall have the responsibility for the preparation of any necessary documents in connection with said transfer.
The Wife shall immediately transfer to the Husband any interest she might have in the Dominican Republic time share. The Husband shall have the responsibility for the preparation of any necessary documents in connection with said transfer.
The Wife shall retain the warehouse real estate located in Orange, Connecticut.
PERSONAL PROPERTY
The furniture and personal possessions of the parties now located in the marital residence shall be equitably divided within 60 days from date. In the event the parties are unable to reach an agreement regarding said division, they are to go to the Family Services Unit of the court for mediation. If mediation fails, they are to return to court for final disposition.
The Wife shall retain her jewelry and each party shall retain the automobiles in their respective names.
BANK ACCOUNTS, SECURITIES, RETIREMENT ASSETS
The total assets of the parties are divided as follows:
ASSET HUSBAND WIFE Residence (equity) 100,000.00 182,000.00
Dominican Republic 6,000.00 0
Time Share
99 Mercury 0 10,500.00 CT Page 9629
97 Ford 11,125.00 0
90 Ford 1,200.00 0
Furnishings 7,500.00 7,500.00
Jewelry 0 18,000.00
Webster Bank 0 3,500.00
Checking account
(Wife)
Paine Webber 0 108,491.00 RMA account (Wife)
Paine Webber 0 14,326.50 Money Fund (Wife)
Paine Webber 14,601.84 0 RMA account (Husband)
Paine Webber MA 168,671.34 0 (Husband)
IRA (Husband) 24,821.89 0
Annuity (Husband) 62,734.18 0
P/W IRA (Wife) 0 113,254.91
Rehabilitation 0 219,726.98 Associates 401k (Wife)
Orange, Conn. 0 98,342.80 Warehouse
Total Assets 396654.25 775642.19
LIABILITIES
Each party shall be responsible for their own liabilities. CT Page 9628
COUNSEL FEES
Each party shall be responsible for their own counsel fees.
TAXES
The Wife shall be entitled to all deductions for the marital residence on her state and federal tax returns for calendar year 2001.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
CUTSUMPAS, J.